NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TONY F. DELFIN,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7145

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-1955, Judge Lawrence B. Hagel.

---

Decided: November 9, 2011

---

TONY F. DELFIN, of Muncy, Pennsylvania, pro se.

MICHAEL S. MACKO, Trial Attorney, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were

DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Veterans Affairs, of Washington, DC.

―――――――――――

Before BRYSON, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

Tony F. Delfin petitions for review of a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). We affirm.

## BACKGROUND

Mr. Delfin served in the United States Army from November 1940 to June 1945. Following his discharge from service, Mr. Delfin filed an application for veterans' disability benefits. He was awarded service connection for malaria, for which he was given a disability rating of 10%, later raised to 60%. He cited several other disabilities as well, including trouble with his ear and problems resulting from an in-service operation on his left ankle. A Veterans Administration regional office awarded him a 10% disability rating for inflammation of the inner ear; in a later decision, the regional office found service connection for a left ankle scar as the only residual of the in-service surgery, but it found that condition noncompensable. During the following ten years, Mr. Delfin's disability ratings were adjusted on several occasions; as of 1957, his ear and ankle disabilities were both rated noncompensable.

Through communications in 2000 and 2001, Mr. Delfin sought increased ratings for his ear condition and

his ankle condition. Following medical examinations, the regional office granted him a disability rating of 10% for his ear condition, denied an increased rating for the scar on his left ankle, and granted him a disability rating of 10% for left ankle chondroma. When Mr. Delfin appealed the regional office's decision, the Board of Veterans' Appeals remanded his claims to the regional office for further development.

After the regional office completed developing the record, the Board issued a decision in February 2006 that granted Mr. Delfin a 10% disability rating for his left ankle scar, with an effective date of September 6, 2001. The Board also granted him the same effective date for the residuals of the excision of a chondroma of the left ankle. The Board granted an effective date of December 5, 2000, for chronic otitis externa, which was assigned a 10% rating. Mr. Delfin then appealed to the Veterans Court.

Before the Veterans Court, the Secretary conceded error with respect to Mr. Delfin's entitlement to earlier effective dates for his left ankle chondroma and otitis externa. The Veterans Court remanded those claims, directing the Board to consider Mr. Delfin's lay testimony regarding his ear condition and to consider evidence that Mr. Delfin sought compensation for residuals associated with his left ankle surgery in June 1945. The court affirmed the Board's grant of a 10% disability rating for Mr. Delfin's left ankle scar.

On remand, the Board concluded that, based on Mr. Delfin's lay testimony, he should be given an effective date of December 1999 for his otitis externa. With respect to the residuals of the left ankle surgery, however, the Board concluded that Mr. Delfin first instituted that

claim in September 2001 and that he was not entitled to an earlier effective date for that disability. Mr. Delfin again appealed to the Veterans Court, arguing that the Board had improperly rejected his claim that a November 1949 examination report constituted an informal claim for an increased rating for his left ankle condition. He also argued that the Board had mischaracterized his left ankle claim as a claim for an earlier effective date for service connection rather than a claim for an increased rating, and that the Board had failed to consider a VA form filed in 1984 as a claim for an increased rating for his ear condition.

The Veterans Court rejected those arguments. It ruled that the Department of Veterans Affairs had consistently treated Mr. Delfin's post-operative scar and his left ankle soreness and weakness as distinct disabling conditions. Because Mr. Delfin was not granted service connection for residuals of his left ankle surgery in the 1946 rating decision, the court ruled that the November 1949 medical examination could not be regarded as an informal claim for an increased disability rating. For the same reason, the court held that the Board did not mischaracterize his claim as an appeal of the effective date assigned for the award of benefits for chondroma of the left ankle, rather than a request for an increased rating for his left ankle condition. The court also held that the 1984 VA form did not constitute a formal or informal claim for an increased disability rating for otitis externa.

## DISCUSSION

On appeal to this court, Mr. Delfin makes various arguments in both his notice of appeal and his informal brief. His arguments are all directed to his legal contention that the Veterans Court erred in upholding an effec-

tive date of September 6, 2001, for service connection for chondroma of the left ankle and an effective date of December 5, 1999, for the assignment of a 10% disability rating for chronic otitis externa. For the reasons set forth below, we reject each of his arguments.

1. In substantial part, Mr. Delfin's notice of appeal and informal brief urge us to reweigh the facts relating to his disabilities and when those disabilities were called to the attention of the Department of Veterans Affairs ("DVA"). However, we lack jurisdiction to address factual issues unless they arise in connection with a constitutional claim. *See* 38 U.S.C. § 7292(d)(2). To the extent that Mr. Delfin requests that we review the factual determinations made by the Board and the Veterans Court, we lack the authority to do so, and on that basis we reject Mr. Delfin's fact-based arguments.

2. Mr. Delfin argues that the Veterans Court "ignored the Brief of my attorney" before that court and that the brief contains "very clear arguments of errors by the VA." The arguments asserted by appellant relate to the Board's failure to treat certain events as informal claims for compensation or an increase in disability rating. The Veterans Court, however, directly addressed the arguments in Mr. Delfin's brief and concluded that they lacked merit. To the extent that Mr. Delfin now challenges the conclusions of the Veterans Court regarding the proper characterization of those events, the court's analysis of the November 1949 medical examination and the 1984 VA form is largely a factual matter outside our jurisdiction. To the extent that the court's analysis of those materials raises a legal issue, we discern no legal error on the part of the Veterans Court.

3. Mr. Delfin contends that the Board and the Veterans Court failed to consider his lay testimony regarding his disabilities. In fact, however, the Board considered Mr. Delfin's testimony and extended his benefits based on that testimony. There is therefore no force to his argument that his testimony has been ignored. To the extent that Mr. Delfin has not received all the relief to which he believes he is entitled, that is not because the Board and the court ignored his testimony, but because they regarded his testimony as legally insufficient to warrant any greater relief than he was granted. Mr. Delfin also complains that the Board and the court did not consider the issue of his bilateral hearing loss. While represented by counsel, however, Mr. Delfin did not raise that issue before the Veterans Court. It is therefore not preserved for review here.

4. Mr. Delfin argues that new evidence consisting of declarations of his wife, his step daughter, and his step son-in-law demonstrates the merit of his claims. The evidence that he proffers, however, was not before the Board or the Veterans Court. It is therefore not part of the record on appeal and cannot be considered in this appellate proceeding.

5. Finally, Mr. Delfin asserts that two constitutional questions arose during the prosecution of his case: unspecified violations of veterans' constitutional rights as a result of the "present procedures" used by the DVA and the Veterans Court, and impermissible bias on the part of the Board and the Veterans Court judge who was assigned to the case.

Mr. Delfin's contention that the procedures used by the DVA and the court in adjudicating claims violate veterans' constitutional rights is not supported by any

specific argument or designation of particular violations. A generalized claim of unfairness or inadequacy in agency procedures is not a sufficient basis for a court to find a constitutional violation.

Mr. Delfin's argument that the Board and the Veterans Court judge were biased against him also lacks specificity and any factual basis. Because there is no factual or legal support for Mr. Delfin's position, we reject that claim as baseless.

No costs.

**AFFIRMED**